```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| GREGORY WALDON, et al., | : | |
|  | : | |
| Plaintiffs, | : | NO:  1:12-CV-00677 |
|  | : | |
| v. | : | |
|  | : | **OPINION AND ORDER** |
| CINCINNATI PUBLIC SCHOOLS, | : | |
|  | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Cincinnati Public Schools' Motion to Certify Order for Immediate Appeal (doc. 18), Plaintiffs' Memorandum in Opposition (doc. 21), and Defendant's Reply (doc. 22). For the reasons indicated herein, the Court DENIES Defendant's motion.

**I. Background**

The Court recently issued an Order denying Defendant's Motion to Dismiss (doc. 16), and in the instant motion, Defendant seeks an immediate interlocutory appeal of such decision (doc. 21). In its Order the Court found Plaintiffs had adequately pleaded a case for disparate impact employment discrimination where Defendant implemented a policy requiring the termination of employees with particular criminal records (doc. 16). The Court noted that nine of the ten employees that Defendant discharged pursuant to the policy were African-American (Id.). The Court further found questionable any legitimate business justification where Plaintiffs' offenses were extremely remote in time, where Plaintiff

Britton's offense was insubstantial, and where both had demonstrated decades of good performance (Id.).

Defendant contends the Court should certify its Order for immediate appeal pursuant to 28 U.S.C. 1292(b) because its termination of Plaintiffs was compelled by a facially neutral state statute (doc. 22). It contends it will argue on appeal that it cannot be held liable under Title VII when it was merely complying with a state mandate (Id.). Plaintiffs respond that in their view Defendants meet none of the statutory requirements for interlocutory review, and as such, the Court should deny Defendant's motion (doc. 21).

**II. The Applicable Standard**

Section 1292(b) provides in pertinent part:

When a district judge, in making in a civil action an order not otherwise appealable. . .shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall state so.

28 U.S.C. § 1292(b). The Supreme Court has stated, "[r]outine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for federal courts a firm final judgment rule." Caterpillar Inc. v. Lewis, 519 U.S. 61, 74 (1996). In the Sixth Circuit, "[r]eview under § 1292(b) is granted sparingly and only in exceptional circumstances." In re City of Memphis, 293

F.3d 345 at 350 (6${}^{th}$ Cir. 2002).

**III.  Discussion**

Defendant argues the Court's Order involves a controlling question of law, that is, the question of whether an employer can be held liable for disparate impact litigation where it was compelled to terminate employees by a facially neutral state statute (doc. 18).  Plaintiffs respond this is not a pure question of law, because there are facts to be discovered that could affect Defendant's liability: whether Defendant took note of the disparity it confronted, whether it communicated with the state board of education, what actions it took after the rules were changed so Plaintiffs could demonstrate rehabilitation, and whether Plaintiffs applied or were considered for re-employment (doc. 21).

The second prong of the statute requires that there be substantial grounds for a difference of opinion regarding the relevant legal issue.  Defendant cites to the fact that the Solicitor General from the last presidential administration filed a brief criticizing the decision in Gulino v. New York State Educ. Dept., 460 F.3d 361 (2${}^{nd}$ Cir. 2006), the only relevant authority holding that compliance with state law was not a defense to Title VII liability (docs. 18, 22).  Plaintiffs respond that the Solicitor General conceded the Guilino decision did not conflict with any Supreme Court or court of appeals decision (doc. 21). Plaintiffs further argue that Defendants contend this is an issue

3

of first impression in the Sixth Circuit, and that the fact an issue is one of first impression "does nothing to demonstrate a difference of opinion as to the correctness of the ruling" (Id. quoting U.S. v. Atlas Lederer Co., 174 F.Supp.2d 666 at 669 (S.D. Ohio, 2001).

The final statutory requirement is that an interlocutory appeal would materially advance the termination of the litigation. Plaintiffs essentially concede that, as in any case, an appeal could cut both ways depending on the outcome of any appeal--but that if the Court's Order were affirmed, the main impact would be a delay in justice (doc. 21). Defendant contends Plaintiffs concerns about delay are "disingenuous," because Plaintiffs filed this lawsuit in 2012 after being terminated in 2008, and they were eligible for re-employment since September 2009 (doc. 22).

Having reviewed this matter, the Court does not find this case one of such exceptional circumstances so as to merit interlocutory review. Caterpillar Inc. v. Lewis, 519 U.S. 61, 74 (1996), In re City of Memphis, 293 F.3d 345 at 350 (6th Cir. 2002). If anything, the exceptional circumstances of this case are that Plaintiffs, long-serving good employees, were among the nine out of ten African-American employees Defendant terminated under the policy.

Although it may be a close question whether there is a controlling question of law at issue, the Court simply finds no

4

significant difference of legal opinion as to whether Title VII liability extends to implementation of facially neutral state mandates.  The only relevant legal authority answers in the affirmative, and the fact this is an issue of first impression does not constitute grounds for interlocutory appeal. Gulino, 460 F.3d 361, Atlas Lederer Co., 174 F.Supp.2d at 669.  Moreover, as noted in its Order, the Court's conclusion is consistent with the language of Justice Powell in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 806 (1973), as explained by the Eighth Circuit in Buck Green v. Missouri Pacific Railroad Co., 523 F.2d 1290 at 1296 (8th Cir. 1975)("a sweeping disqualification for employment resting on solely past behavior can violate Title VII where that employment practice has a disproportionate racial impact and rests on a tenuous or insubstantial basis.")

      Finally the Court finds well-taken Plaintiffs' position that an interlocutory appeal is as likely to cause material delay as it is to cause material advancement of the termination of the litigation.  The Court rejects Defendant's characterization of Plaintiffs' concerns about delay as "disingenuous."  The record does not show Plaintiffs have slept on their rights, but to the contrary that they have made repeated efforts in other judicial fora to address their terminations.  There is no record evidence that Defendant ever alerted Plaintiffs they were re-eligible for rehire, or that Plaintiffs knew of such possibility to demonstrate rehabilitation as of September 2009.

5

Accordingly, the Court does not find that Defendant has established a basis for interlocutory review pursuant to 28 U.S.C. § 1292(b), and therefore it DENIES Defendant Cincinnati Public Schools' Motion to Certify Order for Immediate Appeal (doc. 18).

SO ORDERED.

Dated: May 28, 2013                s/S. Arthur Spiegel
                                   S. Arthur Spiegel
                                   United States Senior District Judge